## (MANUFACTURE, IMPORTATION AND SALE OF SIGNAL THEFT DEVICES IN VIOLATION OF THE COMMUNICATIONS ACT, 47 U.S.C. § 605(e)(4))

40. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

41. Defendants have engaged in the business of manufacturing, assembling, modifying, importing, exporting, distributing and/or selling illegal satellite signal theft devices without authorization, knowing or having reason to know that such devices are primarily of assistance in the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or are intended by defendants to assist other persons in the unauthorized reception and use of DIRECTV's satellite transmissions of television programming, in violation of 47 U.S.C. § 605(e)(4); at least certain of the devices in question were imported from Canada.

42. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

43. Defendants have violated Section 605(e)(4) of the Communications Act willfully and for purposes of direct or indirect commercial advantage or private financial gain.

44. Defendants knew or should have known that manufacturing, assembling, modifying, importing, exporting, distributing, and/or selling illegal satellite signal theft devices, which are primarily of assistance in unauthorized reception and decryption of DIRECTV's satellite television programming, was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and

DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 47 U.S.C. § 605(e)(4).

### THIRD CLAIM

### (MANUFACTURE OF AND TRAFFIC IN SIGNAL THEFT DEVICES IN VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 1201(a)(2))

45. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

46. Defendants were and are actively engaged in the business of manufacturing, importing, exporting, offering to the public, providing and/or trafficking in illegal satellite signal theft devices, knowing or having reason to know that such devices i. are primarily designed or produced for the purpose of circumventing DIRECTV's encryption and conditional access technological measures, ii. have only limited commercially significant purpose or use other than to circumvent DIRECTV's encryption and conditional access technological measures, or iii. are marketed by defendants and persons acting in concert with defendants for use in circumventing DIRECTV's encryption and conditional access technological measures, in violation of 17 U.S.C. § 1201(a)b..

47. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

48. Defendants have violated Section 1201i.c. of the Digital Millennium Copyright Act willfully and for purposes of commercial advantage or private financial gain.

49. Defendants knew or should have known that manufacturing, importing, exporting, offering to the public, providing and/or trafficking in illegal satellite signal theft devices, was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 17 U.S.C. § 1201(a)(2).

## FOURTH CLAIM

### (TRAFFIC IN SIGNAL THEFT DEVICES IN VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 1201(b)(1))

50. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

51. Defendants were and are actively engaged in the business of manufacturing, importing, exporting, offering to the public, providing and/or selling illegal satellite signal theft devices, knowing or having reason to know that such devices i. are primarily designed or produced for the purpose of circumventing the protection afforded by DIRECTV's encryption and conditional access technological measures, ii. have only limited commercially significant purpose or use other than to circumvent the protection afforded by DIRECTV's encryption and conditional access technological measures, or iii. are marketed by defendants and persons acting in concert with defendants for use in circumventing the protection afforded by DIRECTV's encryption and conditional access technological measures, in violation of 17 U.S.C. § 1201(b)(1).

52. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing

DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

53. Defendants have violated Section 1201(b)d. of the Digital Millennium Copyright Act willfully and for purposes of commercial advantage or private financial gain.

54. Defendants knew or should have known that manufacturing, importing, exporting, offering to the public, providing and/or trafficking in illegal satellite signal theft devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 17 U.S.C. § 1201(b)(1).

## FIFTH CLAIM

### (UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF FEDERAL WIRETAP LAWS, 18 U.S.C. § 2511(1)(a))

55. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

56. By designing, developing, manufacturing, assembling, modifying, importing, exporting, trafficking, distributing and/or selling illegal satellite signal theft devices, defendants have intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmissions of television programming, in violation of 18 U.S.C. § 2511(1)(a).

57. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 16

58.     Defendants have engaged in conduct in violation of Section 2511(1)(a) of the Federal Wiretap Laws for a tortious or illegal purpose, or for purposes of direct or indirect commercial advantage or private commercial gain.

59.     Defendants knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 18 U.S.C. § 2511(1)(a).

## SIXTH CLAIM

### (MANUFACTURE AND SALE OF SIGNAL THEFT DEVICES IN VIOLATION OF FEDERAL WIRETAP LAWS, 18 U.S.C. § 2512(1)(b))

60.     Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

61.     Defendants have engaged in the business of manufacturing, assembling, possessing and/or selling illegal satellite signal theft devices without authorization, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming, and that such devices, or any components thereof, have been or will be sent through the mail or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2512(1)(b).

62.     Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing

DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

63. Defendants have engaged in conduct in violation of Section 2512(1)(b) of the Federal Wiretap Laws for a tortious or illegal purpose, or for purposes of direct or indirect commercial advantage or private commercial gain.

64. Defendants knew or should have known that manufacturing, assembling, possessing, and/or selling illegal satellite signal theft devices which are primarily useful for the purpose of surreptitious interception of DIRECTV's satellite television programming, was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 18 U.S.C. § 2512(1)(b).

## SEVENTH CLAIM
## (M.G.L. CH. 93A, § 2 AND § 11

65. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein

66. DIRECTV and the Defendants are engaged in trade or commerce.

67. The Defendants' actions, in selling and/or distributing Pirate Access Devices to third parties and/or in the modification, assembly or manufacturing of Pirate Access Devices for the benefit of third parties, were unfair and deceptive trade practices.

68. The above-referenced unfair and deceptive trade practices of the Defendants were undertaken willfully and knowingly.

69. The above-referenced unfair and deceptive trade practices caused proximate damage to DIRECTV, in violation of M.G.L. Ch. 93A, § 2 and § 11.

70. As a result of the foregoing, DIRECTV has been damaged in actual money damages.

## EIGHTH CLAIM
### (UNJUST ENRICHMENT)

71. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

72. Defendants have usurped for themselves trade secrets, proprietary information, revenues, and other property rights belonging to DIRECTV for the purpose of enhancing the commercial value of defendants' goods.

73. As a direct and proximate result of their unlawful and improper acts, defendants have been unjustly enriched and DIRECTV has suffered, and will continue to suffer, loss of profits by virtue of defendants' conduct. The exact amount of unjust profits realized by defendants and profits lost by plaintiff DIRECTV are presently unknown to it and cannot be readily ascertained without an accounting.

74. Defendants' unlawful sale of illegal satellite signal theft devices, and their usurpation of DIRECTV's trade secrets, proprietary information, revenues and other property rights belonging to DIRECTV, is causing and will continue to cause irreparable injury to them unless defendants are preliminarily and permanently restrained and enjoined from this activity.

## NINTH CLAIM

## (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)

75. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

76. Defendants have intentionally interfered with the contractual relations between DIRECTV and its subscribers, with knowledge of the same, by inducing, procuring, conspiring, aiding and abetting an as yet undetermined number of subscribers not to perform their respective contracts with DIRECTV, thereby causing the breach or termination thereof, and resulting in damage to DIRECTV.

77. Defendants have wrongfully interfered with the contractual relations between DIRECTV and its subscribers without justification or legal excuse. Defendants' interference was willful, wanton, malicious and with improper motive or method.

78. By reason of the foregoing, defendants are liable for all pecuniary losses suffered by DIRECTV as a result of defendants' interference, and for punitive damages.

## TENTH CLAIM

## (INENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

79. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

80. Defendants have intentionally interfered with DIRECTV's business of selling its satellite television services to prospective subscribers, and selling additional services to existing subscribers, with knowledge of the same, by providing illegal satellite signal theft devices to an as yet undetermined number of subscribers and prospective subscribers, thereby hindering DIRECTV from acquiring each such prospective relations and resulting in damage to DIRECTV.

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 20

81. Defendants have wrongfully interfered with the contractual relations between DIRECTV and its subscribers without justification or legal excuse. Defendants' interference was willful, wanton and malicious.

82. By reason of the foregoing, defendants are liable for all pecuniary losses suffered by DIRECTV as a result of defendants' interference, and for punitive damages.

## ELEVENTH CLAIM

## (UNFAIR COMPETITION)

83. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

84. By reason of the foregoing, illegal activity the defendants have been, and are, engaged in unlawful, unfair or fraudulent business practices, and acts of unfair competition, in violation of state law.

85. Defendants' acts complained of herein have damaged and will continue to damage DIRECTV irreparably. DIRECTV has no adequate remedy at law for these wrongs and injuries. The damage to DIRECTV includes harm to its goodwill and reputation in the marketplace that money cannot compensate. DIRECTV is therefore entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from engaging in acts of unfair competition in connection with the sale of illegal satellite signal theft devices, as well as an award of defendants' unjust profits. Because the exact amount of defendants' unjust profits cannot be determined without an accounting, DIRECTV requests an accounting of defendants' profits for all goods sold through defendants' acts of unfair competition, and the imposition of a constructive trust in favor of DIRECTV on all profits obtained therefrom.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DIRECTV asks that the Court grant the following relief:

(1)  Find that defendants' conduct in designing, developing, manufacturing, assembling, modifying, importing, exporting, possessing, distributing, providing, and/or selling illegal satellite signal theft devices, placing advertisements for the sale of such devices, and providing software, information, and technical services therefore, violates 47 U.S.C. § 605(a) and (e)(4), 17 U.S.C. § 1201(a) and (b), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), provisions of M.G.L. Ch. 93A and state common law;

(2)  Find further that defendants' violations were willful and malicious, for a tortuous or illegal purpose, and/or for purposes of gaining direct or indirect commercial advantage or private financial gain;

(3)  In accordance with 47 U.S.C. § 605(e)(3)(B)(i), 17 U.S.C. § 1203(b)(1), 18 U.S.C. § 2520(b)(1), and/or M.G.L. Ch. 93A and state common law, enjoin and restrain defendants, and persons or entities controlled directly or indirectly by defendants, from (a) designing, developing, manufacturing, assembling, modifying, importing, exporting, possessing, trafficking, distributing or selling illegal satellite signal theft devices; (b) assisting, procuring, aiding and abetting third persons in the unauthorized reception and use of DIRECTV's television programming; (c) placing advertisements for the sale of illegal satellite signal theft devices, or (d) providing software, information and technical support services therefor;

(4)  In accordance with 47 U.S.C. § 605(e)(3)(B)(i), 17 U.S.C. § 1203(b)(1), 18 U.S.C. § 2520(b)(1), provisions of M.G.L. Ch. 93A and state common law, order defendants to return to plaintiff DIRECTV all trade secrets, proprietary information, Access

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 22

Cards and other hardware or software derived from or intended for the DIRECTV satellite system;

(5) In accordance with 17 U.S.C. § 1203(b)(2) and (6), impound all illegal satellite signal theft devices in defendants' possession, custody or control, and further order the remedial modification or the destruction of such devices;

(6) In accordance with 47 U.S.C. § 605(e)(3)(C)(i) and (ii), award plaintiff DIRECTV the greater of (a) its actual damages together with any profits made by defendants that are attributable to the violations alleged herein, or (b) statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a);

(7) In accordance with 47 U.S.C. § 605(e)(3)(C)(i), award plaintiff DIRECTV the greater of (a) its actual damages together with any profits made by defendants that are attributable to the violations alleged herein, or (b) statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4);

(8) In accordance with 17 U.S.C. § 1203(c)(2) and (3)(A), award plaintiff DIRECTV the greater of (a) its actual damages together with any profits made by defendants that are attributable to the violations alleged herein, or (b) statutory damages in the amount of up to $2,500 for each violation of 17 U.S.C. § 1201(a)(2) and (b)(1);

(9) In accordance with 18 U.S.C. § 2520(c)(2), award plaintiff DIRECTV the greater of (a) its actual damages together with any profits made by defendants as a result of the violations alleged herein, or (b) statutory damages of whichever is the greater of $100 per day for each day of violation of 18 U.S.C. §§ 2511(1) and 2512(1)(a) and (b), or $10,000;

(10) In accordance with 18 U.S.C. § 2520(b)(2), award plaintiff DIRECTV punitive damages for each violation of 18 U.S.C. §§ 2511(1) and 2512(1)(b);

(11) In accordance with 47 U.S.C. § 605(e)(3)(B)(iii), 17 U.S.C. § 1203(b)(3) and (4), and 18 U.S.C. § 2520(b)(3), and/or M.G.L. Ch. 93A; direct defendants to pay to plaintiff DIRECTV all of its costs, reasonable attorneys' fees and investigative fees;

(12) In accordance with provisions of M.G.L., Ch. 93A, § 2 and § 11, treble the highest damage award that is made for DIRECTV with reference to the Defendant's violations of the Federal statutes referenced herein or provisions of M.G.L., Ch. 93A or state common-law;

(13) In accordance with state law, order an accounting, the establishment of a constructive trust in favor of plaintiff DIRECTV, and direct defendants to disgorge all profits obtained by them as a result of selling illegal satellite signal theft devices;

(14) In accordance with state law, award plaintiff DIRECTV compensatory damages, in an amount to be proved at trial, and punitive damages;

(15) For prejudgment interest on all damages, where allowable by law; and

(16) For such additional relief as the Court deems to be just and equitable.

DATED: November ___, 2003.

Respectfully submitted,

_____
John M. McLaughlin (BBO: 556328)
**MCLAUGHLIN SACKS, LLC**
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865
(413) 584-0453 (Fax)

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 24